IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICHARD ALFORD                                                              PETITIONER

VS.                           CASE NO. 5:14CV00076 JLH/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                                           RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Richard Alford seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Alford is currently in the custody of the Arkansas Department of Correction (ADC). In 1985, Mr. Alford was found guilty of first-degree murder by a Benton County jury. He was sentenced to life imprisonment. He raised three claims for relief on direct appeal. The conviction was affirmed by the Arkansas Supreme Court. *Alford v. State*, 291 Ark. 243 (1987). He subsequently challenged the effectiveness of his counsel in a Rule 37 proceeding. The Rule 37 petition was denied in 1989. *Alford v. State*, 1989WL29233. In January of this year, Mr. Alford filed a motion with the Arkansas Supreme Court, seeking to reinvest jurisdiction in the trial court to pursue a second Rule 37 petition. This petition was dismissed on January 30, 2014.

On February 28, 2014, Mr. Alford filed his petition for federal habeas corpus relief advancing the following claims for relief:

1. He was denied the effective assistance of counsel when his attorney failed to ensure the jury was instructed to weigh mitigating and aggravating circumstances;

2. He was denied the effective assistance of counsel when his attorney failed to communicate to him a plea offer; and

3. He was denied due process in his first Rule 37 proceeding because his attorney filed the petition without his knowledge and opportunity to raise additional claims.

Respondent contends that the statute of limitations and the doctrine of procedural default

bars consideration of these claims. By Order dated April 22, 2014, the petitioner was notified of his opportunity to explain why the petition should not be dismissed. He has filed a responsive pleading. Docket entry no. 14. We first consider if the petition for writ of habeas corpus is properly before the Court.

**Statute of Limitations:** Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that for petitioners such as Alford, who were convicted prior to the enactment of the limitations period in 1996, a timely habeas corpus petition must have been filed on or before April 24, 1997. The petition was filed on February 28, 2014, more than seventeen years after the limitations period began to run. Thus, the respondent urges that the petitioner's failure to act sooner is fatal to the petition.

Mr. Alford, in his responsive pleading, offers several reasons why his petition should not be dismissed as time-barred. He claims he was denied effective assistance of counsel at trial, on direct appeal, and in his postconviction proceeding. He claims that his third ground for relief is novel, and should be considered for that reason. He alleges the state obstructed him from raising his claims in

his Rule 37 proceeding by requiring his trial attorney to remain as counsel in the postconviction proceeding, and by the attorney filing the Rule 37 petition without Alford's knowledge.  Next, Mr. Alford cites *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and claims this case provides him a pathway to overcoming a procedural bar.  Liberally construing the petitioner's argument, we will consider if *Martinez* operates to toll the limitations period, as well.  Finally, Mr. Alford also claims he is actually innocent of the crime, which should excuse the failure to file a timely petition.  We will consider these assertions and how the limitations period may be affected.

> The failure to file a timely petition can be excused under some circumstances:
>
> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002).  Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

The petitioner's claim of ineffective assistance of counsel at trial, on appeal and in his Rule 37 proceedings, faces a fundamental challenge in that typically, ineffective assistance of counsel does not warrant equitable tolling. *E.g., Harris v. Hutchinson,* 209 F.3d 325, 331 (4th Cir.2000); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999).  In addition, the petitioner in this case fails to link these allegations to his inability to file a timely petition.  Put another way, even if the petitioner could establish that he received ineffective assistance of counsel he fails to plead or prove *why* the deficient performance of his attorney prevented him from filing his federal habeas corpus petition in the roughly twelve years following his 1985 conviction.  The limitations period is not tolled by bare allegations of ineffective assistance of counsel absent any causal connection.

Mr. Alford next contends that ground three is a novel claim and should be considered on that basis.  There is no merit to this claim for two reasons.  First, he offers no support for the assertion

that ground three is legally novel[1]. The second reason the argument fails is that even if novel it does not necessarily follow that the limitations period would be tolled. Petitioner cites no authority for such a result, and it appears that novelty in and of itself may not fit into the "exceedingly narrow window" of equitable tolling. *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Next, he alleges the state obstructed him from raising his claims in his Rule 37 proceeding by requiring his trial attorney to remain as counsel in the postconviction proceeding, and by the attorney filing the Rule 37 petition without Alford's knowledge. Mr. Alford refers to the state's obstruction of his ability to raise his Rule 37 claims. However, such obstruction, even if proved, is not the type of obstruction that would result in equitable tolling, since the emphasis is on any barriers preventing Mr. Alford from filing a timely federal habeas corpus petition, rather than a Rule 37 petition in state court. Our inquiry is focused on any external factor which impeded Mr. Alford from filing his petition with this Court on or before April 24, 1997. He does not establish any state court obstruction to his ability to initiate his case in this Court. We have already considered the petitioner's argument regarding his attorney filing a Rule 37 petition without his knowledge, and found it lacking.

Next, liberally construing the pleadings, Mr. Alford cites *Martinez v. Ryan, supra,* as a possible reason for equitable tolling. The *Martinez* case, however, has no relevance in a discussion of the limitations period. Rather, any relevance of that case would occur in the context of "cause" for a procedural default. *See Henderson v. Hobbs*, 2012 WL 4049222, Eastern District of Arkansas, August 29, 2012 ("The *Martinez* Court did not create, however, a new ground for equitable tolling of the statute of limitations.").

The final argument for equitable tolling is the claim that Mr. Alford is actually innocent. The recent case of *McQuiggin v. Perkins*, ___ U.S. ___, 2013 WL 2300806 (May 28, 2013), holds that

---

[1]The concept of an attorney filing a petition without his client's knowledge is one which has long been litigated in the context of federal habeas corpus petitions. See, e.g., *Williams v. Lockhart*, 862 F.2d 155, 159-160 (8th Cir. 1988); *Smith v. Armontrout*, 888 F.2d 530, 540 (8th Cir. 1989).

actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations. The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare. To advance a tenable claim, the petitioner must meet the standard set forth by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Alford; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. Here, Mr. Alford claims he had a meritorious defense to the murder charge, in that he was "under duress at the time of the shooting because his father put a gun to his head and ordered him to shoot . . ." Docket entry no. 14, page 4. The *Schlup* standard requires new reliable evidence. The argument by Mr. Alford cites facts known to Alford almost thirty years ago at the time of his trial. Thus, this is not new evidence. Mr. Alford essentially claims innocence based upon his version of the facts adduced at trial. This argument falls far short of the requirements envisioned by *Schlup v. Delo*. As a result, the argument fails to toll the limitations period.

In summary, the petition for writ of habeas corpus was filed with this Court more than thirteen years after it should have been. The petitioner fails to plead or prove any reason why the limitations period should have been tolled. As a result, we recommend the petition be dismissed as untimely.[2]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has

---

[2] We need not, and do not, consider the procedural default argument under the circumstances in this case, where the limitations period has long since expired.

made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  20   day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE